IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40409
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LOUIS WEATHERSBY,
also known as Labeebah Nahid Nashid,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CR-27-2
- - - - - - - - - -

September 15, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:*

David Louis Weathersby, federal prisoner # 79368079, appeals his sentence after pleading guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. He argues that the district court erred in determining the amount of drugs attributable to him as relevant conduct, in failing under FED. R. CRIM. P. 32(c)(3)(D)** to make findings as to his role in

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

** Rule 32 was amended in 1994 and former subdivision (c)(3)(D) was moved to subdivision (c)(1).

the conspiracy, and in failing to reduce his offense level for being a minimal participant.

We have reviewed the record and the briefs of the parties and AFFIRM Weathersby's conviction and sentence. The district court did not clearly err in determining the amount of drugs attributable to Weathersby as relevant conduct. See United States v. Lowder, 148 F.3d 548, 552 (5th Cir. 1998). The district court's rejection of all but two of Weathersby's objections to the PSR, and its adoption of the PSR's findings was sufficient under FED. R. CRIM. P. 32(c)(1). United States v. Brown, 29 F.3d 953, 957-58 (5th Cir. 1994). The district court's determination that Weathersby did not carry his burden to show that he was substantially less culpable than the average participant, and thus was not entitled to the requested downward adjustment, is not clearly erroneous. See United States v. Posada-Rios, 158 F.3d 832, 880 (5th Cir. 1998), cert. denied, 119 S. Ct. 1792 (1999).

AFFIRMED.